UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW F. BELITSKY,

      Petitioner,

v.                         Case No: 2:15-cv-298-FtM-29CM
                               Case No. 2:09-CR-14-FTM-29UAM

UNITED STATES OF AMERICA,

      Respondent.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Andrew Belitsky's (petitioner or Belitsky) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #290; Cv. Doc. #1)[1], filed on May 11, 2015. On July 15, 2015, and July 16, 2015, petitioner filed two supplemental memorandums in support of his § 2255 motion (Cv. Docs. #8; #9). The United States filed a Response in Opposition (Cv. Doc. #7) on July 17, 2015. Petitioner filed a Reply (Cv. Doc. #13) on October 5, 2015.

For the reasons set forth below, petitioner's § 2255 motion is denied.

_____

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

# I.  Procedural Background

On March 18, 2009, a federal grand jury in Fort Myers, Florida, returned a two-count Indictment against petitioner. (Cr. Doc. #3). Count One charged Belitsky with knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). (Id., p. 1). Count Two charged Belitsky with knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1). (Id., p. 1-2).

Belitsky pled not guilty and proceeded to a jury trial in February 2010. (Cr. Doc. #88). Because the jury could not reach a unanimous verdict, the Court granted Belitsky's motion for a mistrial. (Cr. Doc. #93). A second jury trial began on August 17, 2010 (Cr. Doc. #141), and on August 20, 2010, Belitsky was convicted of both counts. (Cr. Doc. #148).

On September 1, 2010, Belitsky, through counsel, filed a Motion for Judgment of Acquittal and Motion for New Trial, arguing that the evidence at trial was insufficient to support his convictions. (Cr. Doc. #155). On September 3, 2010, Belitsky, through counsel, filed a Supplemental Motion asserting additional facts. (Cr. Doc. #156). On September 10, 2010, Belitsky filed a pro se motion to represent himself due to a disagreement with his trial attorney, Michael Walsh. (Cr. Doc. #157). The Court denied Belitsky's pro se motion, but permitted him to file a pro se supplement to his Motion for a New Trial. (Cr. Doc. #160). On

October 6, 2010, Belitsky filed a pro se Supplemental Motion for a New Trial, alleging claims of ineffective assistance of trial counsel. (Cr. Doc. #162).

Attorney Walsh notified the Court that his relationship with Belitsky was "beyond repair." (Cr. Doc. #163, p. 1). After conducting a hearing on November 16, 2010, the Court granted Walsh's Motion to Withdraw. (Cr. Doc. #167). The Court then appointed Attorney John Mills to represent Belitsky. (Cr. Doc. #169) [2].

On February 9, 2011, the Court denied Belitsky's Motion for Judgment of Acquittal and Motion for New Trial, and scheduled an evidentiary hearing on Belitsky's claims of ineffective assistance of trial counsel asserted in his pro se Supplemental Motion. (Cr. Doc. #174). The Court conducted an evidentiary hearing on April 26, 2011, (Cr. Doc. #218) and July 22, 2011, (Cr. Doc. #219). On January 12, 2012, the Court denied Belitsky's Supplemental Motion for a New Trial (Cr. Doc. #234), finding that the evidence failed to show either deficient performance or prejudice.

On January 17, 2012, Belitsky was sentenced to 84 months in prison. (Cr. Docs. #236, #241). Belitsky filed a direct appeal (Cr. Doc. #242), and on May 14, 2014, the Eleventh Circuit affirmed his convictions and the Court's denial of Belitsky's motions for

---

[2] From his Indictment to the time of sentencing, seven different attorneys entered appearance in Belitsky's case.

a new trial. (Cr. Doc. #284); <u>United States v. Belitsky</u>, 566 F.

App'x 777 (11th Cir. 2014). Belitsky did not seek a writ of

certiorari.

The government concedes that Belitsky's May 8, 2015, motion

was timely filed (Cv. Doc. #7, pp. 17-18), and the Court agrees.

## II. Appointment of Counsel and Legal Standards

Petitioner raises claims of ineffective assistance of trial

counsel, ineffective assistance of appellate counsel, and an

erroneous jury instruction by the trial court.

### A. Appointment of Counsel For § 2255

Belitsky again requests appointment of counsel in this

collateral proceeding.[3] (Cv. Doc. #8, p. 41). Because Belitsky's

motion for an evidentiary hearing is denied, appointment of counsel

is not required under Rule 8(c), Rules Governing Section 2255

Proceedings for the United States District Court. Petitioner is

not otherwise entitled to appointment of counsel in this case.

There is no Sixth Amendment right to counsel in post-conviction

collateral proceedings. <u>See</u> <u>Barbour v. Haley</u>, 471 F.3d 1222, 1227

(11th Cir. 2006). "Counsel must be appointed for an indigent

federal habeas petitioner only when the interest of justice or due

process so require." <u>Schultz v. Wainwright</u>, 701 F.2d 900, 901

(11th Cir. 1983). Neither the interest of justice nor due process

---

[3] The Court denied Belitsky's first motion to appoint counsel.
(Cr. Docs. #288; #289).

require the appointment of counsel in this case. Belitsky's Motion to Appoint Counsel is denied.

### B. Evidentiary Hearing Standard

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. Id. at 715.

To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (a hearing is not necessarily required whenever ineffective assistance of counsel is asserted). The Court finds that the record establishes that

petitioner is not entitled to relief and, therefore, an evidentiary hearing is not required.

### C. Ineffective Assistance of Counsel Standard

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Ky., 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is "simply reasonableness under prevailing professional norms" considering all the circumstances. Hinton, 134 S. Ct. at 1088 (internal quotations and citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances

of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. See Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); see also Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); see also Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. See Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Counsel is not deficient for failing to raise non-meritorious claims on direct

appeal.  See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

### III. Matters Already Adjudicated and Procedural Default

#### A. Matters Already Adjudicated

The government asserts that many of petitioner's claims were addressed on direct appeal, and thus are already adjudicated. (Cv. Doc. #7, pp. 18-23).  The Court agrees.

It is well settled that a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citing United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981)).  "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."  Id.  (citing United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)).

On appeal, the Eleventh Circuit held that trial counsel was not deficient in failing to move to: (1) exclude evidence because the warrant actually described Belitsky's neighbor's house, (2) suppress evidence on the basis of FBI tampering, (3) compel production of the original computer hard drives, and (4) assert prosecutorial misconduct on the basis of denial of access to the original hard drives.  See Belitsky, 566 F. App'x at 782-783.  In addition, the Eleventh Circuit found that trial counsel did not render ineffective assistance when he canceled Belitsky's pro se

subpoena of Officer Nahmens, did not subpoena Officer Nahmens to testify, and did not present all evidence at trial, including time zone inconsistences and testimony about a virus theory. Id. The Eleventh Circuit ultimately found that trial counsel adequately prepared for trial, there was sufficient evidence to convict petitioner of both counts, and the invited-error doctrine precluded review of the jury instructions because counsel agreed to the Court's proposed instructions. Id. at 781-84.

Because the Eleventh Circuit has already rejected many of petitioner's arguments in Grounds One, Three, and Four, he cannot re-litigate those claims.

## B. Procedural Default

The government also argues that Belitsky's other claims are procedurally defaulted because he failed to assert them on direct appeal. (Cv. Doc. #7, pp. 21-22). The Court disagrees and finds that petitioner's ineffective assistance of counsel claims are not defaulted. See Massaro v. United States, 538 U.S. 500, 509 (2003) (holding that claims of ineffective assistance of counsel not raised on direct appeal cannot be procedurally defaulted). As a result, the Court will address Belitsky's remaining claims.

## IV.  Analysis

### A. Ground One:  Ineffective  Assistance of Trial Counsel

Belitsky alleges that trial counsel provided ineffective assistance when counsel: (1) failed to move to exclude evidence

based on an invalid search warrant; (2) failed to move to dismiss the Indictment on the basis of government misconduct; and (3) entered stipulations at trial without Belitsky's consent. (Cr. Doc. #290, pp. 4-5; Cv. Doc. #1, pp. 4-5).

### **(1)   Failure to File Motion to Exclude Evidence**

Belitsky asserts that trial counsel's performance was deficient because he failed to move to exclude evidence seized during the execution of an invalid warrant. (Cv. Doc. #8, pp. 2-8).  Belitsky argues that the warrant is invalid because (1) images of child pornography were never on his computer; (2) agents seized his gun safe, which was not identified in the warrant as an item to be seized; and (3) Agent Cecchini lied in the search warrant affidavit when he stated he was located in Oklahoma City, Oklahoma. (Id., pp. 3-8).

To succeed on an ineffective assistance of counsel claim premised on a violation of the Fourth Amendment, a petitioner must prove that his underlying Fourth Amendment claim is meritorious. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).  The record establishes that there were no Fourth Amendment violations and, therefore, no Sixth Amendment ineffective assistance of counsel violations for failing to raise the non-meritorious Fourth Amendment claims.

Belitsky argues that the search warrant is invalid because there were no images of child pornography ever on his computer.

(Cv. Doc. #8, pp. 3-6).  This is essentially a challenge to the sufficiency of the evidence at trial, which was addressed at the close of the government's case and on direct appeal.  The Eleventh Circuit held that the evidence at trial was sufficient to support Belitsky's convictions.  See Belitsky, 566 F. App'x at 781.  The affidavit to the search warrant set forth probable cause and no competent attorney would have filed a motion to suppress on the basis petitioner asserts.

Belitsky also contends that the agents exceeded the scope of the search of his home when they seized his gun safe, which was not described in the search warrant.  (Cv. Doc. #8, pp. 6-8).  He maintains that trial counsel should have filed a motion to exclude evidence.

The Court has reviewed the search warrant as provided by Belitsky.  (Cv. Doc. 8-5, pp. 19-24).  The search warrant included various items to be searched and seized, including "books and magazines" and "originals, copies and negatives" of child pornography.  (Cv. Doc. 8-5, p. 33).  Thus, the search warrant certainly authorized the officers to search the contents of the safe, which obviously could have contained such items.  The Eleventh Circuit summarized the applicable precedent in Jackson:

> If a search exceeds the scope of terms of a warrant, any subsequent seizure is unconstitutional.  However, a search may be extensive as reasonably necessary as required to locate the items described in the warrant,

> and is generally not limited by the
> possibility that separate acts of entry
> or opening may be required to complete the
> search. This court has held that a warrant
> to search a specific area for a certain class
> of things authorizes government agents to
> break open locked containers which may contain
> the objects of the search.

United States v. Jackson, 120 F.3d 1226, 1228-29 (11th Cir. 1997)

(internal citations omitted). Nothing of evidentiary value was

found in the safe, and Agent Kutcha testified that Belitsky

consented to the seizure of the gun safe. (Cr. Doc. #177, pp.

135; 148-149). Because there was nothing to suppress and no basis

to support a motion to suppress, trial counsel's performance was

not deficient.

In addition, Belitsky did not suffer prejudice because there

was no evidentiary value to the gun safe. The gun safe issue was

discussed at trial and subject to direct- and cross-examination.

(Cr. Docs. #176, p. 118-120; #177, pp. 10-11, 23-27, 35). As the

Court stated previously, the issue of the seizure of the gun safe

had always been merely a "red herring" at trial. (Cr. Doc. #219,

p. 174). Trial counsel did not violate the Sixth Amendment by

failing to file a motion to suppress on the basis of the seizure

of the safe.

Lastly, Belitsky argues that the search warrant is invalid

because Agent Cecchini lied in the search warrant affidavit that

he was located in Oklahoma City, Oklahoma, but at trial, testified

that he was located in Tulsa, Oklahoma. (Cv. Doc. 8, p. 5). Belitsky mischaracterizes Agent Cecchini's testimony. At trial, Agent Cecchini testified that, although he works out of the Oklahoma City FBI field office, he is also assigned to the Tulsa sub-office. (Cr. Doc. #176, p. 4). Thus, because Belitsky's allegation is unfounded, the Court finds that no reasonable counsel would have filed a motion asserting such a claim.

### (2) Failure to File a Motion to Dismiss the Indictment

Belitsky argues that trial counsel provided ineffective assistance by failing to file a motion to dismiss the Indictment as being the product of perjured testimony. (Cv. Doc. #8, pp. 8-9). In support, he asserts that (1) Officer Nahmens falsely misrepresented the number of child pornography images initially downloaded from Belitsky's computer; (2) the government misled the grand jury as to the facts supporting the distribution charge; and (3) the government misled the grand jury as to the reason it took nearly a year to indict him. (Id., pp. 8-10).

To succeed on a claim that counsel was deficient by failing to file a motion to dismiss an indictment, petitioner "would have to show a reasonable probability that, had a motion to dismiss the indictment been made, it would have been granted." Ziegler v. Crosby, 345 F.3d 1300, 1309 (11th Cir. 2003). "[D]ismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized." United States v.

_Accenturo_, 858 F.2d 679, 681 (11th Cir. 1988) (quotation marks and citations omitted). "[D]ismissal of [an] indictment is appropriate only if it is well established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." _Bank of Nova Scotia v. United States_, 487 U.S. 250, 256 (1988) (quotations omitted). No such situation is present in this case.

Petitioner has not come near satisfying the required standard. As the Eleventh Circuit summarized in _Akel_:

> [T]he possibility that a witness may have given false testimony before the grand jury does not automatically vitiate an indictment based on that testimony; to dismiss an indictment the district court must also find an abuse of the grand jury process such as perjury or government misconduct. [ ] To make out a claim of prosecutorial misconduct regarding the use of false testimony, a defendant must establish that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material. [ ] Perjury is defined as testimony given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory.

_United States v. Akel_, F. App'x 843, 858 (11th Cir. 2009) (internal citations and quotation marks omitted).

Belitsky asserts that Officer Nahmens' failure to recall the exact number of child pornography files initially recovered from Belitsky's computer amounted to perjury. (Cv. Doc. #8, pp. 8-9).

The Court has reviewed the relevant grand jury testimony as provided by Belitsky (Cv. Doc. #8-6, p. 2), and finds there was no perjury and no prejudice to petitioner. There is no showing that Officer Nahmens willfully intended to falsify the number of files recovered, and the testimony merely shows that Officer Nahmens had a faulty memory as to the exact number of files recovered. This is insufficient to rise to the level of perjury. In addition, the number of files was not material, since knowing possession of any amount of child pornography is illegal. Nothing about this information would suggest to a reasonably competent attorney that a motion to dismiss the indictment was appropriate under the relevant legal standard. Counsel did not render deficient performance by failing to file such a motion.

Belitsky also argues that his attorney should have asserted that the government lied to the grand jury about which evidence supported the charge for distribution of child pornography. (Cv. Doc. #8, p. 9). But the record does not support this argument. (Cv. Doc. #8-6, pp. 6-9). A review of the grand jury testimony provided by Belitsky shows that the distribution charge was based on the fact that Belitsky utilized a peer-to-peer file sharing program – namely, LimeWire - to store files of child pornography and that the government was able to access these files. (Id.). While petitioner may dispute the government's evidence, this does not render the evidence perjurious. Because the record does not

indicate that the government misrepresented the evidence supporting the distribution charge, there was no basis for counsel to challenge the Indictment on this ground.

Finally, Belitsky asserts that trial counsel should have filed a motion to dismiss the Indictment because the government misled the grand jury as to the reason it took nearly a year to receive forensic evidence and indict him. (Cv. Doc. #8, pp. 9-10). Belitsky does not allege that his Indictment was untimely (nor could he), but rather that the government was not forthcoming with the grand jury about the timing of the investigation. While petitioner sees a government conspiracy, the record establishes that computer forensic investigations take time, and the length is affected by the volume and priority of cases and lack of available FBI personnel. (Cv. Doc. #8-6, pp. 18-20). There was no credible evidence which would have allowed a reasonably competent attorney to file a motion to dismiss the Indictment on this basis.

Belitsky has not shown any basis upon which a reasonably competent defense counsel should have challenged the Indictment in this case. Counsel was not deficient in failing to move to dismiss Belitsky's Indictment, and petitioner suffered no prejudice because any such motion would have been denied as without merit.

**(3) Failure to Obtain Belitsky's Consent to Stipulations**

Belitsky alleges that trial counsel rendered ineffective assistance of counsel when he entered into "false" stipulations

without Belitsky's consent.  (Cr. Doc. #290, p. 5; Cv. Doc. #1, p. 5; Cv. Doc. #8, p. 16).  The Court disagrees.

There were two stipulations made at trial.  First, Belitsky and his counsel signed a written stipulation, which was admitted into evidence, that the images in the government's exhibits depicted child pornography. (Trial Ex. 18-21, 27).  Second, trial counsel stipulated that the images moved in interstate commerce. (Cr. Doc. #147, p. 11).

Trial counsel is permitted to make strategic decisions that effectively waive a defendant's constitutional rights.  See United States v. Joshi, 896 F.2d 1303, 1308 (11th Cir. 1990) (citations omitted).  This means, in part, that defense attorneys can make certain stipulations without a defendant's consent.  See Poole v. United States, 832 F.2d 561, 563 (11th Cir. 1987) (finding that trial counsel's stipulation that effectively waived the government's burden of proving an element of the offense did not require the defendant's consent).  It is often a wise, strategic decision of counsel to stipulate to an essential element of a crime.  See Id. at 564 (citation omitted).

As the Eleventh Circuit seemed to suggest, trial counsel was not deficient in agreeing to stipulate that the images depicted child pornography.  (Trial Ex. 18-21).  See Belitsky, 566 F. App'x at n.5.  Belitsky showed his express agreement to the stipulation by signing it.  In addition, Belitsky has not provided any evidence

to question the factual accuracy of the stipulation. Even without consent, counsel did not provide ineffective assistance by agreeing to the stipulation. This allowed defense counsel to focus on petitioner's theory of the case, which did not dispute the nature of the images but petitioner's connection with the images.

Trial counsel's strategic decision to stipulate to the commerce element was objectively reasonable, and Belitsky cannot show prejudice. By stipulating to this technical element, counsel could focus on petitioner's theory of the case, that the child pornography images found on Belitsky's computer were planted by a virus or another individual. Additionally, Belitsky has not shown that any prejudice resulted from the stipulation. The evidence was overwhelming that the images on the computer did impact commerce.

This is not a case in which counsel conceded Belitsky's guilt. See McCoy v. Louisiana, No. 16-8255, 2018 WL 2186174, at *9 (U.S. May 14, 2018) (holding that "counsel's admission of a client's guilt over the client's express objection is error structural in kind" and violates the Sixth Amendment) (citation omitted). Rather, throughout trial, counsel maintained Belitsky's innocence. Thus, the Court finds that counsel's strategic decision to stipulate to both elements was objectively reasonable.

**B. Ground Two:      Ineffective Assistance of Appellate Counsel**

In Ground Two, Belitsky asserts that his appellate counsel rendered ineffective assistance of counsel when he: (1) failed to assert Belitsky's claims of ineffective assistance of trial counsel on direct appeal; (2) advised Belitsky that his claims would be best asserted in a § 2255 motion; and (3) filed a voluntary dismissal of the appeal without his consent.  (Cr. Doc. #290, pp. 6-7; Cv. Doc. #1, pp. 6-7).  The Court finds that none of these claims establish ineffective assistance of appellate counsel.

**(1)  Appellate Procedural History**

On January 24, 2012, Belitsky filed a Notice of Appeal.  (Cr. Doc. #242).  After this Court granted Attorney Mycki Ratzan's Motion to Withdraw (Cr. Doc. #250), Attorney Gilbert Schaffnit (Schaffnit) entered his appearance as appellate counsel.  (Cr. Doc. #254; Appearance of Counsel Form, United States v. Belitsky, No. 12-10507 (11th Cir. July 31, 2012)).

On January 22, 2013, Schaffnit filed a motion to voluntarily dismiss Belitsky's appeal with prejudice.  (Mot. to Dismiss Appeal with Prejudice, United States v. Belitsky, No. 12-10507 (11th Cir. Jan. 22, 2013)).  Schaffnit argued that Belitsky's claims of ineffective assistance of counsel should be brought in a § 2255 motion, citing to Massaro v. United States, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is

preferable to direct appeal for deciding claims of ineffective assistance."). The Eleventh Circuit granted the voluntary dismissal on March 4, 2013. (Order on Mot. to Dismiss Case with Prejudice, <u>United States v. Belitsky</u>, No. 12-10507 (11th Cir. Mar. 4, 2013)).

On March 25, 2013, Belitsky filed a <u>pro</u> <u>se</u> Motion for Reconsideration of the Eleventh Circuit's Order granting the voluntary dismissal. (Mot. for Recons., <u>United States v. Belitsky</u>, 12-10507 (11th Cir. Mar. 25, 2013)). On April 10, 2013, Schaffnit responded to Belitsky's Motion for Reconsideration, asserting that, in his professional judgment, he determined that the trial court had not erred and, thus, the only remaining viable claim was ineffective assistance of trial counsel. (Resp. to Mot. for Recons., <u>United States v. Belitsky</u>, 12-10507 (11th Cir. Apr. 10, 2013)). Schaffnit maintained that the best avenue for Belitsky's ineffective assistance of counsel claims was on collateral review. (<u>Id.</u>).

On May 1, 2013, the Eleventh Circuit granted Belitsky's Motion for Reconsideration, vacated its Order, and reinstated his appeal. (Order on Mot. for Recons., <u>United States v. Belitsky</u>, 12-10507 (11th Cir. May 1, 2013)). The Eleventh Circuit ultimately found that Schaffnit should not have filed the voluntary dismissal over Belitsky's objections without at least disclosing his opposition. (<u>Id.</u>, p. 2). The Eleventh Circuit noted that Schaffnit could have

filed an <u>Anders</u> motion and brief or motion to withdraw, rather than a voluntary dismissal.  (<u>Id.</u>).

After Belitsky informed the Eleventh Circuit that he had terminated Schaffnit, the Court of Appeals construed his communication as a motion to discharge and proceed <u>pro</u> <u>se</u> in his appeal and granted the motion.  (Order on Mot. for Recons., <u>United States v. Belitsky</u>, 12-10507 (11th Cir. May 1, 2013); Mot. for Recons., p. 2, <u>United States v. Belitsky, 12-10507</u> (11th Cir. Mar. 25, 2013)).  On September 16, 2013, Belitsky filed his appellate brief.  (Appellant's Br., <u>United States v. Belitsky</u>, 12-10507 (11th Cir. Sept. 16, 2013)).  The United States filed its reply brief on October 30, 2013.  (Appellee's Br., <u>United States v. Belitsky</u>, 12-10507 (11th Cir. Oct. 30, 2013)).  On May 14, 2014, the Eleventh Circuit affirmed Belitsky's convictions and this Court's denial of his motions for a new trial.  <u>See</u> <u>Belitsky</u>, 566 F. App'x at 784.

> **(2)  Failure to Raise Ineffective Assistance of Trial Counsel Claims on Direct Appeal and Advising That Claims Were Best Raised in § 2255 Proceeding**

Belitsky argues that Schaffnit was deficient by (a) failing to raise claims of ineffective assistance of trial counsel – as asserted in Ground One of the § 2255 motion - on direct appeal, and (b) advising him that the claims were best raised in a § 2255 proceeding.  (Cr. Doc. #290, p. 6; Cv. Doc. #1, p. 6).  The Court

finds no basis for ineffective assistance of appellate counsel, and denies Ground Two.

Belitsky has not shown that Schaffnit was deficient or that prejudice occurred. First, for the reasons stated earlier, none of the issues Belitsky raises have merit, and an appellate attorney is not ineffective in failing to raise meritless issues on appeal. See Diaz, 402 F.3d at 1144-45. Second, Schaffnit determined, in his professional opinion, that Belitsky's only viable claim was ineffective assistance of trial counsel and such a claim would be best asserted under § 2255. Schaffnit's positions were well within the bounds of professional competence. See Massaro, 538 U.S. at 504. Third, petitioner suffered no prejudice because the Court of Appeals allowed him to file a pro se brief asserting any issues he chose.

### (3)    Filing of a Voluntary Dismissal Without Consent

Belitsky asserts that Schaffnit rendered ineffective assistance of counsel when he filed an Anders brief (voluntary dismissal) without his consent. Belitsky mistakes Schaffnit's filing of a voluntary dismissal as an Anders brief.[4] The Court assumes that Schaffnit's performance was deficient in filing a

---

[4] An Anders brief is a brief filed by counsel who wants to withdraw from the case on appeal based on the belief that the appeal is frivolous. See Anders v. State of Cal., 386 U.S. 738, 744-45 (1967). Here, Schaffnit did not file an Anders brief but a voluntary dismissal.

voluntary dismissal without Belitsky's consent, or in the very least, failing to disclose Belitsky's opposition. Belitsky, however, did not suffer any resulting prejudice. The Eleventh Circuit reinstated Belitsky's appeal, Belitsky filed an appellate brief raising the issues he chose, and the Eleventh Circuit addressed the issues raised by petitioner.

### C. Ground Three: Ineffective Assistance of Trial Counsel

In Ground Three, Belitsky further contends that trial counsel was ineffective because he failed to object to multiple instances of egregious conduct by the prosecutor and, thus, petitioner was denied a fair trial. (Cr. Doc. #290, pp. 8-9; Cv. Doc. #1, pp. 8-9; Cv. Doc. #8, pp. 18-32). Belitsky alleges that the government: (1) withheld exculpatory evidence[5], (2) changed discovery material, and (3) presented perjured testimony and falsified evidence at trial. Belitsky also asserts that trial counsel performed deficiently by (1) making prejudicial comments during closing argument and (2) sending the FBI to threaten defense witness, Christopher Long. (Cv. Doc. 8, pp. 24-26, 28-29). The

---

[5] On appeal, Belitsky argued that his trial counsel was ineffective in failing to file a motion asserting prosecutorial misconduct on the basis of withholding access to the original hard drives of Belitsky's computer. See Belitsky, 566 F. App'x at 782. The Eleventh Circuit held that counsel was not deficient because Belitsky's own expert testified that access to the mirror image hard drives was sufficient. Id. Although Belitsky attempts to re-litigate this issue here, the issue has already been adjudicated and the Court declines to address it.

Court finds that petitioner has not established ineffective assistance of counsel.

### (1) Withholding Exculpatory Evidence

Belitsky contends that counsel failed to object to the government's withholding of evidence. (Cr. Doc. #290, p. 8; Cv. Doc. #1, p. 8; Cv. Doc. #8, p. 18-19). He alleges that the government withheld from him: (a) the second page of a fax exhibit that was used during the testimony of Comcast employee, Karen Webb; (b) the judicial signature page of the search warrant; and (c) until the morning of the second trial, data sheets from Belitsky's computer. (Cv. Doc. #8, p. 18-19).

The government has a constitutional obligation to disclose exculpatory evidence in its possession to a defendant. See Brady v. Maryland, 373 U.S. 83, 87 (1963). There are four elements to a Brady violation: (1) that the prosecution possessed evidence favorable to the defendant; (2) that the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. See United States v. Bailey, 123 F.3d 1381, 1397 (11th Cir. 1997) (citation omitted).

Belitsky has not provided any credible showing of a Brady violation. He does not explain how the delayed or withheld

- 24 -

documents were favorable to him, nor how there is a reasonable probability that such evidence would have persuaded the jury to acquit him.  There was no showing of a basis for trial counsel to assert prosecutorial misconduct, and therefore no ineffective assistance in failing to do so.

### (2)  Altered Discovery Material

Belitsky contends that the prosecutor, his first defense counsel, and an FBI agent altered discovery material.  (Cv. Doc. #8, pp. 19-20).  Belitsky raised this exact argument in his pro se Supplement to his Motion for New Trial (Cr. Doc. #162) and the Court heard testimony on this issue.  (Cr. Doc. #218, p. 48-76).  As the Court held on January 12, 2012, there is no credible evidence to support Belitsky's claim that his first defense counsel, the prosecutor, and FBI colluded to change discovery material.  (Cr. Doc. #234, p. 5).  Trial counsel's performance was not deficient in failing to assert a claim of prosecutorial misconduct.

### (3)  Presentation of False Evidence and Perjury at Trial

Belitsky asserts that trial counsel was deficient in failing to assert prosecutorial misconduct when the prosecutor solicited and used perjured testimony from Comcast employee, Karen Webb, Officer Nahmens, and Agents Cecchini and Arndt at trial.  (Cv. Doc. #8, pp. 20-22).  "To establish prosecutorial misconduct for the use of false testimony, a defendant must show the prosecutor

knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." United States v. McNair, 605 F.3d 1152, 1208 (11th Cir. 2010) (citations omitted). The Court finds counsel did not provide ineffective assistance.

Belitsky asserts that the prosecutor knew that he did not have images of child pornography on his computer and conspired with Agents Cecchini and Arndt to "fool the jury" in order to obtain a conviction. (Cv. Doc. #8, pp. 5, 19, 21-22). There is no evidence from which a reasonably competent defense lawyer could draw any such conclusion. Belitsky identifies allegedly false statements by Karen Webb, Agent Cecchini, and Agent Arndt, asserting that the prosecutor submitted screen captures that were not from his computer and he contends that the Comcast fax used at trial was not generated by Comcast but a "cut and paste that was made at someone's desk." (Id. at p. 21). Petitioner provides no basis for a competent attorney to have reached such a conclusion. Petitioner does not provide any evidence to contradict each witness's trial testimony besides his own self-serving statements. Without any evidence of perjury, the Court does not find that trial counsel had any basis to object to this testimony at trial.

The Court finds that there was no basis for trial counsel to assert a claim for prosecutorial misconduct, and therefore no ineffective assistance occurred.

## (4) Defense Counsel's Prejudicial Closing Argument

Belitsky argues that trial counsel "sealed [his] conviction at closing." (Cv. Doc. #8, p. 30). Specifically, he asserts counsel performed deficiently during closing arguments by: (1) bolstering Agent Cecchini's character; (2) bolstering the prosecutor's character; (3) focusing the jury's attention on damaging evidence to the defense; and (4) admitting that the government did not plant the pornography on Belitsky's computer. (Id., p. 24-26).

The Court's scrutiny is highly deferential to counsel and, thus, there is a strong presumption that counsel's performance is reasonable professional assistance. See Strickland, 466 U.S. at 689-90. "Counsel will not be deemed incompetent because of tactical decisions as long as the approach taken might be considered sound trial strategy." Cruz v. United States, 506 F. App'x 945, 946 (11th Cir. 2013) (citing Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotations omitted). If counsel "present[s] a reasoned and rational theme to the jury during closing argument," his performance is not deficient. Grossman v. McDonough, 466 F.3d 1325, 1349 (11th Cir. 2006) (citing Chandler, 218 F.3d at 1314).

Belitsky alleges that trial counsel bolstered Agent Cecchini's character by stating he was a "nice guy . . . doing a wonderful job" and held "a very laudable goal" of protecting child

pornography victims. (Cv. Doc. #8, p. 25). In addition, he asserts that trial counsel bolstered the prosecutor's character by stating, "Miss Viacava's integrity is beyond reproach." (Cr. Doc. #190, p. 35; Cv. Doc. #8, p. 27-28). A review of the record refutes Belitsky's claims. First, with regard to Agent Cecchini, while counsel did not attack the Agent personally, the overall theme of the closing argument was to attack the Agent's (and FBI's) handling of the investigation. (Cr. Doc. #190, pp. 22-23). Trial counsel repeatedly argued that the government's evidence failed to show that Belitsky "knowingly" possessed child pornography. Turning to counsel's comments about the prosecutor, he explained:

> The tack I'm taking on the government's case, let me be clear, is not meant for Miss Viacava or the people at her table. Miss Viacava's integrity is beyond reproach. When I am talking about the integrity in this case, she's a woman of the highest integrity. She didn't make this case. It was handed to her, I am not talking about her.

(Cr. Doc. #190, pp. 35-36). Counsel attacked the integrity of the case – not the government actors personally – and placed blame on the government's mishandling of the investigation. (Id.). Thus, looking at counsel's statements in context, the Court finds that he did not render ineffective assistance of counsel.

Next, Belitsky argues that counsel rendered deficient performance by focusing the jury's attention on the timing of the pornography downloads, which was damaging evidence to the defense.

(Cv. Doc. #8, p. 26). Rather, the record shows that counsel attempted to diminish the value of this evidence by arguing that the government failed to conduct "little old-fashioned police work" by setting up a "ghost watch" to identify the true individual or virus behind the downloads. (Cr. Doc. #190, p. 25). Counsel's argument was a reasonable, tactical approach to combat the government's case, and therefore he did not perform deficiently.

Lastly, Belitsky argues that counsel was deficient because he told the jury that the government did not plant pornography on Belitsky's computer. (Cv. Doc. #8, p. 29). The Court finds that this does not amount to ineffective assistance of counsel. Trial counsel's theme was not that the government conspired against Belitsky but that its investigation was "lazy, incompetent, inept" and "irrelevant," and therefore it could not show that he "knowingly" possessed pornography. (Cr. Doc. #190, pp. 28-29, 44). His theme was "reasoned" and "rational" given the weight of the evidence against Belitsky. Grossman, 466 F.3d at 1349 (citing Chandler, 218 F.3d at 1314).

Because counsel "presented a reasoned and rational theme to the jury during closing argument," the Court finds that he did not render ineffective assistance of counsel. Id.

**(5) Defense Counsel's Threats Against Defense Witness**

Belitsky asserts that counsel performed deficiently because he sent the FBI to threaten defense witness, Christopher Long,

with an arrest for downloading child pornography. (Cv. Doc. #8, pp. 28-29). He argues that this alleged threat caused Long's trial testimony to change. (Id. at 29). Specifically, he asserts that, before trial, Long was to testify that Belitsky never downloaded 5,000 images of child pornography. But petitioner fails to realize that Long did testify to that fact. (Cr. Doc. #178, pp. 65-66). Long, however, did acknowledge that he found *hundreds* of pornographic files on Belitsky's computer. (Id.). The Court finds that petitioner's argument is patently frivolous. There is no evidence to support such a claim and, thus, no ineffective assistance of counsel. Accordingly, Ground Three is denied.

### D. Ground Four: Erroneous Jury Instruction

Belitsky argues that this Court erred by instructing the jury that, because the parties stipulated that the images depicted child pornography and had traveled in interstate commerce, it could treat those facts as proven. (Cr. Doc. #290, p. 9; Cv. Doc. #1, p. 9; Cv. Doc. #8, p. 32-40). In doing so, Belitsky asserts that the Court usurped the role of the jury as finders of fact.

Belitsky made this exact argument on appeal, and the Eleventh Circuit held that, because trial counsel agreed to the proposed instruction at the pre-trial conference and stipulated to the facts, the invited-error doctrine precluded review of the jury instructions. See Belitsky, 566 F. App'x at 783-84. Because the

Eleventh Circuit already addressed Belitsky's claim of trial court error on appeal, he cannot re-litigate it here. Additionally, as discussed above, there was no ineffective assistance of counsel in entering the stipulations. Therefore, Ground Four is denied.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #290; Cv. Doc. #1) is **DENIED.**

2. Petitioner's Motion for an Evidentiary Hearing (Cv. Doc. #8, p. 41) is **DENIED.**

3. Petitioner's Motion to Appoint Counsel (Cv. Doc. #8, p. 41) is **DENIED.**

4. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions[6], and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

---

[6] Because Belitsky's 28 U.S.C. § 2255 Motion is denied, his Motion for Order to Show Cause (Cv. Doc #14) and Motion for a Procedural Right According to the Principle of Finality (Cv. Doc. #15) and Addendum (Cv. Doc. #16) are rendered moot.

denial of his petition.  28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this   22nd   day of May, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record